UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL T. WILLIAMS, ) | |
| ) | |
| Petitioner, ) | **Case No. 3:04-cv-00225-ECR-VPC** |
| ) | |
| vs ) | |
| ) | ORDER |
| CRAIG FARWELL, et al., ) | |
| ) | |
| Respondents. ) | |

Before the court are Petition for a Writ of Habeas Corpus (Docket #4), Respondents' Answer (Docket #23), and Petitioner's Traverse (Docket #25). For the reasons stated below, Petitioner's federal habeas petition will be denied.

**A.   Background**

Petitioner was convicted by jury of three counts of sexual assault on a minor under the age of fourteen (Counts I-III), one count of sexual assault on a minor under the age of sixteen (Count IV), and one count of attempted sexual assault on a minor under the age of sixteen (Count V). (See Exhibit 48).[1] Petitioner was sentenced to life with the possibility of

---

[1] All references to Exhibits in this order refer to the Exhibits attached to Respondents' Motion to Dismiss (Docket #14) and the supplemental Exhibits attached to Respondents' Answer (Docket ##23, 24) unless otherwise noted.

1  parole on Counts I-III, to run concurrently, to life with possibility of parole on Count IV, to run
2  consecutively to Counts I-III, and to 96-240 months on Count V, to run concurrently to Count
3  IV. (Exhibit 55).

4　　　　Petitioner filed a direct appeal, and the Nevada Supreme Court affirmed his
5  conviction on February 13, 2002. (Exhibits 63, 65). Petitioner thereafter filed a state post-
6  conviction habeas petition, which the District Court denied on April 11, 2003. (Exhibit 73).
7  Petitioner appealed the denial of his state habeas petition, and the Nevada Supreme Court
8  affirmed the denial on February 19, 2004. (Exhibit 80). Petitioner then filed the current
9  federal habeas petition. On September 1, 2005 this court found Ground 2 of Petitioner's
10 petition to be procedurally defaulted and dismissed that Ground. (See Docket #18). Grounds
11 1, 3, and 4 still remain for this court's consideration. Petitioner's federal habeas grounds have
12 been fully briefed, and this court finds it is unnecessary to hold an evidentiary hearing in this
13 matter.

**B.     Analysis**

15　　　　All three of Petitioner's remaining Grounds for relief allege violations of his Sixth
16 Amendment right to effective assistance of counsel. The Nevada Supreme Court denied
17 Petitioner's claims of ineffective assistance using the standard announced in *Strickland v.*
18 *Washington,* 466 U.S. 668 (1994). Under the Antiterrorism and Effective Death Penalty Act
19 ("AEDPA"), at 28 U.S.C. § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

1 Thea AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002). A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of § 2254 "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003), *citing Williams v. Taylor,* 529 U.S. 362, 405-406 (2000); *Bell v. Cone,* 535 U.S. 685, 694 (2002).

Furthermore, a state court decision is an unreasonable application of clearly established Supreme Court precedent "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer,* 538 U.S. at 73. The "unreasonable application" clause requires the state court decision to be more than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable. *Id.*

The state court's factual determinations are presumed to be correct, and the petitioner has the burden of rebutting that presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

This court cannot say that the Nevada courts' denial of Petitioner's ineffective assistance claims was contrary to, or an unreasonable application of federal law. Principles of comity and federalism counsel against substituting this court's judgment for that of the Nevada courts. *Taylor v. Maddox,* 366 F.3d 992, 999 (9th Cir. 2004). It is not enough that this court may find the Nevada courts' decision incorrect or erroneous, that decision must have been objectively unreasonable. *Id., See also Wiggins v. Smith,* 539 U.S. 510, 511 (2003), *Lockyer*

3

*v. Andrade,* 538 U.S. 63 (2003).  Ineffective assistance of counsel under *Strickland* requires a showing of deficient performance of counsel resulting in prejudice, "with performance being measured against an 'objective standard of reasonableness,'... 'under prevailing professional norms.'" *Rompilla v. Beard,* 545 U.S. 374, 380 (2005).  If the state court has already rejected an ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary to, or an unreasonable application of the *Strickland* standard.  *See Yarborough v. Gentry,* 540 U.S. 1, 5 (2003).  Review of the attorney's performance must be highly deferential, and must adopt the attorney's perspective at the time of the challenged conduct.  *Strickland,* 466 U.S. at 689.  There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *Id.*  The Nevada courts' determination that Petitioner's counsel was not ineffective is neither contrary to, nor an unreasonable application of federal law, and his federal habeas petition will therefore be denied.

          **1.     Ground 1**

Ground 1 of Petitioner's federal habeas petition alleges that his Sixth and Fourteenth Amendment due process rights and right to effective assistance of counsel were violated when trial counsel failed to investigate witnesses who could have refuted the testimony of a jailhouse informant. (See Docket #4).  Petitioner has essentially claimed that a jailhouse informant who helped him with his legal filings used knowledge he gained from Petitioner's legal documents to fabricate testimony against him.  Petitioner argues that his counsel was ineffective for failing to subpoena records that would have demonstrated that the jailhouse informant had some of Petitioner's legal papers in his possession. The Nevada Supreme Court denied this claim, finding that the jailhouse informant testified that he did in fact assist Petitioner with legal issues regarding his case, and that after Petitioner admitted to sexually assaulting the victims, he contacted the district attorney. (Exhibit 80, pg. 3).  The Nevada Supreme Court pointed out that because the informant testified that he had assisted Petitioner

1 with his case, evidence that he had seen some of Petitioner's legal papers would not have had
2 a reasonable probability of altering the outcome of the trial. *Id*. Additionally, the Nevada
3 Supreme Court found that Petitioner failed to provide any specific evidence concerning the
4 alleged documents that would have been found in the informant's cell. *Id*.

5       This court has reviewed the records and cannot say that the Nevada Supreme
6 Court's denial of Petitioner's claim was contrary to or an unreasonable application of well
7 established federal law. The Nevada Supreme Court correctly applied the *Strickland* standard,
8 and Ground 1 will therefore be denied.

9       **2.**   **Ground 3**

10       In Ground 3 of Petitioner's petition, he alleges that he was denied his right to
11 effective assistance of counsel when trial counsel failed to object to the testimony of
12 Kayshaundra Lighton. The Nevada Supreme Court denied this ground on the basis that
13 Petitioner failed to specify what portions of the testimony were objectionable, and failed to
14 articulate any grounds for an objection. (Exhibit 80, pg. 3). This court has reviewed the record
15 and cannot say that the Nevada Supreme Court's determination was unreasonable, or even
16 incorrect. In his federal habeas petition, Petitioner offers no explanation as to why counsel
17 should have objected to the testimony other than to say that the objection would have
18 preserved an important issue for appeal. Petitioner fails to explain what that important issue
19 is. The Nevada Supreme Court's denial of Ground 3 was neither contrary to, nor an
20 unreasonable application of federal law and will therefore be denied.

21       **3.**   **Ground 4**

22       In Ground 4 of his petition, Petitioner alleges that he was denied his
23 constitutional right to effective assistance of appellate counsel when appellate counsel failed
24 to raise the issues related to trial counsel's failure to object to the testimony of Kayshaundra
25 Lighton. Although the Nevada Supreme Court did not address this issue directly, it goes
26

5

without saying that if trial counsel was not ineffective for failing to object to the testimony at issue, then appellate counsel could not be ineffective for failing to raise the issue of trial counsel's ineffectiveness.

In his federal petition, Petitioner argues that the witness' testimony at trial was different than her testimony at the preliminary hearing, and the failure to object or impeach her on the differences should have been raised on appeal. The Nevada Supreme Court did address these allegations regarding Petitioner's claim that his trial counsel was ineffective for failing to impeach Lighton. (Exhibit 80, pg. 3-4). The Court found that Petitioner failed to specify what portion of the testimony was different from the preliminary hearing testimony. *Id*. Because the Nevada Supreme Court found that Petitioner's trial counsel was not ineffective for failing to impeach the testimony of Kayshaundra Lighton, it follows that appellate counsel could not be ineffective for failing to raise the impeachment issue on appeal. The Nevada Supreme Court's denial of Petitioner's ineffective assistance claims was not contrary to or an unreasonable application of federal law and will therefore be denied.

**IT IS THEREFORE ORDERED** that the Petitioner's Petition for a Writ of Habeas Corpus (Docket #4) is **DENIED**. The Clerk shall enter Judgment accordingly.

Dated this \_\_\_28th\_\_\_ day of September, 2007.

_____
UNITED STATES DISTRICT JUDGE